**COPY**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Kevin P.B. Johnson (Bar No. 177129)
2  Brian C. Cannon (Bar No. 193071)
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, California 94065-2139
   Telephone:    (650) 801-5000
4  Facsimile:    (650) 801-5100
   E-Mail:       kevinjohnson@quinnemanuel.com
5                briancannon@quinnemanuel.com

6  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Edward J. DeFranco (Bar No. 165596)
7  51 Madison Avenue, 22nd Floor
   New York, New York 10010
8  Telephone:    (212) 849-7000
   Facsimile:    (212) 849-7100
9  E-Mail:       eddefranco@quinnemanuel.com

10 Attorneys for MEDIATEK, INC.,

*ORIGINAL FILED*

*MAY 2 4 2007*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

**BZ**

14                      SAN FRANCISCO DIVISION

15 MEDIATEK, INC.                              CASE NO. **07 2750**

16            Plaintiff,                       MEDIATEK INC.'S COMPLAINT FOR
                                               PATENT INFRINGEMENT OF U.S.
17       vs.                                   PATENT NO. 5,970,031 AND
                                               DECLARATORY JUDGMENT
18 MATSUSHITA ELECTRIC INDUSTRIAL
   CO., LTD. and                               JURY TRIAL DEMANDED
19
   PANASONIC CORPORATION OF NORTH              CERTIFICATE OF INTERESTED PARTIES
20 AMERICA,
                                               NOTICE OF RELATED CASE
21
              Defendants.
22

23

24

25

26

27

28

MEDIATEK'S CLAIM FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT

Plaintiff MediaTek, Inc., ("MediaTek") for its claims against defendant Matsushita Electric Industrial Co., Ltd. ("Matsushita") and defendant Panasonic Corporation of North America ("Panasonic"), alleges the following:

## THE PARTIES

1.    Plaintiff MediaTek is a corporation organized and existing under the laws of the Republic of China, with its principal place of business at No. 1 Dusing 1st Road, Science-Based Industrial Park, Hsin-Chu City, Taiwan 300, R.O.C.

2.    MediaTek Inc. is a fabless integrated circuit ("IC") company. Since its establishment in 1997, MediaTek has dedicated substantial resources in the research and development of comprehensive digital media integrated chipset solutions.

3.    MediaTek highly values research, development, and innovation. In MediaTek's ten-year existence, for the last consecutive nine years, the Hsin-chu Science-Based Industrial Park Administration, a branch of the Taiwanese government, has granted MediaTek the Innovative Product Award.

4.    Upon information and belief, defendant Matsushita is a corporation organized and existing under the laws of Japan, with its principal place of business at 1006, Kadoma, Kadoma City, Osaka 571-8501, Japan.

5.    Upon information and belief, defendant Panasonic is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Panasonic Way, Secaucus, New Jersey, 07094.

6.    Upon information and belief, according to a December 9, 2004 news release by Panasonic, Panasonic is the principal North American subsidiary of Matsushita, and the hub of Matsushita's United States marketing, sales, service, and research and development operations.

1

## NATURE OF THE ACTION

2          7.    Defendants Matsushita and Panasonic have infringed, contributed to the

3  infringement of, and/or actively induced others to infringe MediaTek's United States Patent

4  5,970,031 (the "'031 patent"). Matsushita's and Panasonic's infringing conduct is continuing.

5          8.    MediaTek seeks a declaratory judgment of non-infringement and invalidity

6  of Matsushita's United States Patents: 5,970,238 (the "'238 patent"), 5,548,249 (the "'249 patent"),

7  and 6,728,475 (the "'475 patent").

8

9                              ## JURISDICTION AND VENUE

10         9.    These claims arise under the patent laws of the United States, Title 35 of the

11  United States Code, with a specific remedy sought based upon the laws authorizing actions for

12  declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202.

13         10.   This Court has subject matter jurisdiction over the claims pursuant to 28

14  U.S.C. §§ 1331, 1338(a), and 2201.

15         11.   This Court has personal jurisdiction over Matsushita because Matsushita

16  conducts business in and has committed acts of patent infringement of the '031 patent in the

17  Northern District of California.

18         12.   This Court has personal jurisdiction over Panasonic because Panasonic

19  conducts business in and has committed acts of patent infringement of the '031 patent in the

20  Northern District of California.

21         13.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c),

22  1391(d), and/or 1400(b), because each of the defendants is a corporation subject to personal

23  jurisdiction in the Northern District of California.

24

25                           ## INTRADISTRICT ASSIGNMENT

26         14.   Pursuant to Civil Local Rule 3-2(c), this action is to be assigned on a

27  district-wide basis because it is an Intellectual Property Action.

28

2

1

## FACTUAL BACKGROUND

2 Matsushita's and Panasonic's Infringement of the '031 Patent

3      15.    Defendants Matsushita and Panasonic have infringed, contributed to the
4 infringement of, and/or actively induced others to infringe the '031 patent. Matsushita and
5 Panasonic continue to infringe, contribute to the infringement of, and/or actively induce the
6 infringement of the '031 patent.

7      16.    Upon information and belief, Matsushita and Panasonic make, use, sell,
8 import, and/or offer for sale in the United States and/or import into the United States products and
9 systems, and practice methods that infringe one or more claims of the '031 patent.

10      17.    Upon information and belief, Matsushita and Panasonic knowingly induce
11 and/or contribute to the making, using, selling, importing, and/or offering for sale in the United
12 States and/or importing into the United States of products and systems, and practice methods that
13 result in infringement of one or more claims of the '031 patent.

14      18.    These products include certain devices that playback audio compact discs
15 ("CDs"), including, but not limited to, the following product lines: portable audio CD systems
16 such as Shockwave CD players, portable CD players, CD "boomboxes," and CD clock radios;
17 home audio and/or video systems capable of playing CDs, including microsystems, minisystems,
18 and home theater systems; home video systems capable of playing CDs including DVD players,
19 DVD recorders, DVD/VCR combination players, and TV/DVD combination players; automotive
20 systems capable of playing CDs and/or DVDs, such as CD receivers, CD/DVD changers; mobile
21 CD/DVD systems; and Technics digital turntables.

22      19.    These products also include certain optical disc drives capable of playback
23 of audio CDs, including but not limited to DVD Multi Drives, CD-ROM drives, CD-RW drives,
24 Combo drives, and DVD-ROM drives.

25

26

27

28

3

1  Procedural Background Regarding MediaTek's Pending Claim against Defendants For
2  Infringement of the '031 Patent

3       20.    The case of Matsushita v. MediaTek, Inc., et al., Case No. 05-CV-3148
4  (N.D. Cal.), which is presently pending before the Honorable Maxine M. Chesney in this District,
5  includes a pending counterclaim brought by MediaTek against Defendants Matsushita and
6  Panasonic for infringement of the '031 patent. That matter commenced on August 3, 2005, when
7  Defendants sued MediaTek for infringement of three patents. On September 30, 2005, MediaTek
8  filed its counterclaim asserting that Defendants infringe the '031 patent.

9       21.    In preparing its Preliminary Infringement Contentions under Patent L.R.
10  3-1(b) in that matter, MediaTek performed detailed functional testing on two products that are
11  representative of Defendants' Super Multi-Drive product line, the SW-9574 and SW-9585. These
12  products are incorporated in various desktop and laptop computers. MediaTek determined a high-
13  likelihood of infringement of these products but recognized that to comply with the Local Patent
14  Rules source code would be necessary to describe in detail the infringement of these and others of
15  Defendants' products. Based on its analysis, MediaTek named these products in its Preliminary
16  Infringement Contentions.

17       22.    Early in discovery, in response to an interrogatory, Defendants identified
18  over one hundred products that contained the vibration immunity functionality implicated by the
19  '031 patent. Having recognized the need for source code to ascertain infringement, MediaTek
20  promptly issued document requests for source code for the SW-9574 and SW-9585 and the
21  numerous other products identified by Defendants, in December of 2005.

22       23.    Defendants' repeatedly feigned cooperation for almost a year, but did not
23  produce the requested code. Defendants' continuing failure to produce the requested code was a
24  violation of the Federal Rules of Civil Procedure as well as Patent Local Rules 2-5 and 3-4.
25  MediaTek eventually prevailed in a motion to compel the requested discovery in a November 17,
26  2006 hearing before Magistrate Judge Spero. On December 11, 2006, Defendants produced over
27  1.5 million pages of documents, including some of the source code MediaTek had sought for more
28  than a year.

08929/2111308.6

4

1          24.    MediaTek's review and analysis of Defendants' source code confirmed that
2   a significant number of the Defendants' products, including many of its consumer and mobile
3   audio/video product lines, were infringing. Based on this discovery, MediaTek moved for leave to
4   amend its infringement contentions pursuant to Patent L.R. 3-7. On January 19th, 2007 the parties
5   appeared before Magistrate Judge Spero on MediaTek's motion to amend. In the hearing,
6   Defendants repeatedly stated that granting MediaTek leave to amend its infringement contentions
7   would significantly expand the scope of trial. Defendants also stated that expanding the number
8   of products in suit at that point would be unduly prejudicial to Defendants. MediaTek argued that
9   including the products would not significantly expand the trial and that delaying its remedy for
10  patent infringement would be prejudicial. (Civil Case No. C05-3148-MMC (JCS) Transcript of
11  Proceedings on January 19, 2007; C05-3148 Docket Item 314).

12         25.    Magistrate Judge Spero noted in the hearing that "I don't pretend it is a
13  simple question." (*Id.* at 50:6-7). In the hearing Judge Spero also stated, "I don't think I am
14  willing to expend — extend — expand Judge Chesney's trial to add at this very late date 100 —
15  potentially 100 new products to her trial." (*Id.* at 4:6-9). Based on these case management
16  concerns and claims of prejudice by Defendants, Magistrate Judge Spero held MediaTek had not
17  demonstrated "good cause" to amend its infringement contentions. However, he invited MediaTek
18  to a file a new lawsuit, stating, "If you want to file a new lawsuit on those products, more power to
19  you." (*Id.* at 4:10-11). Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Civil L.R.
20  72-2, MediaTek filed an objection to the Magistrate Judge's order with the court. Article III Judge
21  Chesney denied MediaTek's objection.

22         26.    Based on the foregoing, MediaTek now brings this new lawsuit for patent
23  infringement on those products not included in the case currently pending before Judge Chesney.
24

25  Matsushita's Actions Create An Immediate, Real, and Justiciable Controversy Concerning the '238,
26  '249, and '475 Patents

27         27.    There is an actual controversy within the jurisdiction of this Court under 28
28  U.S.C. §§ 2201 and 2202.

08929/2111308.6

                                                    5

1    28.    On June 15, 2004, Matsushita sent MediaTek a cease and desist letter,
2    alleging generally that MediaTek's chips infringe Matsushita's patents and demanded that
3    MediaTek stop selling its products. Matsushita did not identify in its letter either the specific
4    MediaTek products nor a single Matsushita patent.

5    29.    After June 15, 2004, Matsushita and MediaTek exchanged correspondence
6    in which MediaTek sought further information and clarification of Matsushita's allegations against
7    MediaTek and Matsushita provided information about its allegations.

8    30.    On December 1, 2004, representatives from MediaTek and Matsushita met
9    in Hsinchu City, Taiwan to discuss among other things alleged infringement of the '238, '249, and
10   '475 patents. After December 1, 2004, MediaTek continued to meet periodically with Matsushita
11   to discuss Matsushita's allegations and responses by MediaTek as to why it did not infringe.
12   Matsushita continued to assert that MediaTek infringed its patents, including the '238, '249, and
13   '475 patents.

14   31.    During negotiations, representatives of MediaTek explained that not only
15   did MediaTek not infringe the U.S. patents, but MediaTek could not be liable because it did not
16   make sales in the United States.

17   32.    On August 3, 2005, Matsushita sued MediaTek for patent infringement of
18   the '238 patent, the '249 patent, and the '475 patent, but did not identify products accused of
19   infringement.

20   33.    On January 6, 2006, Matsushita served its Patent Local Rule 3-1 and 3-2
21   Disclosure Of Asserted Claims And Preliminary Infringement Contentions. Matsushita accused
22   the following MediaTek products of infringing the '238 patent, the '249 patent, and the '475 patent:
23   MT1155, MT1199, MT1328, MT1336, MT1338, MT1355, MT1358, MT1359, MT1369,
24   MT1379, MT1389, MT1390, MT1508, MT1518, MT1585, MT1588, MT1618, MT1628,
25   MT1685, MT1688, MT1818, MT1828, MT1888, and MT8105. Matsushita served amended
26   contentions on December 13, 2006 identifying the same list of MediaTek products.

27   34.    Matsushita has and continues to contend that MediaTek's products infringe
28   the '238, '249, and '475 patents. Matsushita contends that MediaTek's optical disk controller chips

6

1  and chipsets used in DVD players and other optical disc storage devices, including new versions
2  of its existing products, infringe these patents.

3          35.     While Matsushita only accused the products listed above in paragraph 33 of
4  infringing the '238, '249, and '475 patents, there exists an actual, immediate and justiciciable
5  controversy between Matsushita and MediaTek as to whether MediaTek's new optical disk
6  controller chips and chipsets used in DVD players and other optical disc storage devices infringe
7  the '238, '249, and '475 patents.

8          36.     In the pending action before Judge Chesney, Matsushita has stated in
9  discovery responses and in its expert's reports that it considers any version of MediaTek's accused
10 chips to be infringing.

11         37.     MediaTek has a series of new designs for its product lines.  Since at least
12 May 2007, MediaTek has introduced new versions of at least the following products: MT1155,
13 MT1159, MT1308, MT1309, MT1389, MT1698, MT1699, MT1858, MT1859, MT1869,
14 MT1898, MT1899, MT1928, MT1929, MT8105, MT8108, and MT8158.  These new versions are
15 not addressed by Matsushita in Civil Case No. 05-3148 (N.D. Cal.).

16         38.     An actual and justiciable controversy exists between MediaTek and
17 Matsushita as to whether the '238, '249, and '475 patents are infringed and/or invalid.  Absent a
18 declaration of non-infringment and/or invalidity, Matsushita will continue to wrongfully assert
19 these patents against MediaTek, and thereby cause MediaTek irreparable injury and damage.

20

21                                    FIRST CLAIM

22                      (Infringement of U.S. Patent No. 5,970,031)

23         39.     MediaTek hereby restates and realleges the allegations set forth in
24 paragraphs 1 though 38 above and incorporates them by reference.

25         40.     MediaTek is the owner of all rights, title, and interest in and to United
26 States Patent No. 5,970,031, titled "Compact Disc Player System with Vibration-Immune
27 Interrupted Playback Capability," duly and legally issued by the United States Patent and

28

1  Trademark Office on October 19, 1999. A true and correct copy of the '031 patent is attached as
2  Exhibit A hereto, and is incorporated herein by reference.

3        41.    Upon information and belief, defendants Matsushita and Panasonic have
4  infringed and continue to infringe the '031 patent by making, using, offering for sale, selling,
5  and/or importing, in this district and elsewhere in the United States, without authorization or
6  license, products that use or embody the patented invention or the patented methods; by actively
7  inducing infringement of one or more claims of the '031 patent; and/or contributorily infringing
8  one or more claims of the '031 patent.

9        42.    Upon information and belief, defendants Matsushita and Panasonic's
10 infringement of the '031 patent has been and continues to be deliberate, willful, and in reckless
11 disregard of MediaTek's patent rights.

12       43.    As a direct result of Matsushita's and Panasonic's infringement of the '031
13 patent, MediaTek has suffered damages in an amount not yet ascertained. MediaTek is entitled to
14 recover damages adequate to compensate MediaTek for Matsushita and Panasonic's infringement
15 of the '031 patent in an amount to be determined at trial in an accounting, but in no event less than
16 a reasonable royalty.

17       44.    As a direct result of Matsushita's and Panasonic's infringement of the '031
18 patent, MediaTek has suffered and will continue to suffer irreparable harm, including but not
19 limited to harm to its business reputation and goodwill. MediaTek is informed, believes and
20 thereon alleges that Matsushita and Panasonic threaten to continue to infringe the '031 patent, and
21 unless restrained and enjoined, will continue to do so. MediaTek's remedy at law is not by itself
22 adequate to compensate MediaTek for the harm inflicted and threatened by Matsushita and
23 Panasonic.

24

25                             SECOND CLAIM

26        (Declaratory Judgment of Non-Infringement and Invalidity of The '238 Patent)

27       45.    MediaTek hereby restates and realleges the allegations set forth in
28 paragraphs 1 though 38 above and incorporates them by reference.

                          8

1   46.   MediaTek has not infringed, and is not infringing, either directly or
2   indirectly, contributorily, or otherwise any valid claim of the '238 patent with its new versions of
3   the following products: MT1389, MT8105, MT8108, MT8158, MT1155, MT1159, MT1308,
4   MT1309, MT1698, MT1699, MT1898, MT1858, MT1899, MT1859, MT1869, MT1928, and
5   MT1929.

6   47.   MediaTek is not inducing anyone to infringe the '238 patent.

7   48.   The claims of the '238 patent are invalid for failure to comply with the
8   requirements of the Patent Laws of the United States, including but not limited to the provisions of
9   35 U.S.C. §§ 102, 103, and 112.

10

11                              THIRD CLAIM

12   (Declaratory Judgment of Non-Infringement and Invalidity of The '249 Patent)

13   49.   MediaTek hereby restates and realleges the allegations set forth in
14   paragraphs 1 though 38 above and incorporates them by reference.

15   50.   MediaTek has not infringed, and is not infringing, either directly or
16   indirectly, contributorily, or otherwise any valid claim of the '249 patent with its new versions of
17   the following products: MT1389, MT8105, MT8108, MT8158, MT1155, MT1159, MT1308,
18   MT1309, MT1698, MT1699, MT1898, MT1858, MT1899, MT1859, MT1869, MT1928, and
19   MT1929.

20   51.   MediaTek is not inducing anyone to infringe the '249 patent.

21   52.   The claims of the '249 patent are invalid for failure to comply with the
22   requirements of the Patent Laws of the United States, including but not limited to the provisions of
23   35 U.S.C. §§ 102, 103, and 112.

24

25                              FOURTH CLAIM

26   (Declaratory Judgment of Non-Infringement and Invalidity of The '475 Patent)

27   53.   MediaTek hereby restates and realleges the allegations set forth in
28   paragraphs 1 though 38 above and incorporates them by reference.

9

MEDIATEK'S COMPLAINT

1    54.    MediaTek has not infringed, and is not infringing, either directly or

2    indirectly, contributorily, or otherwise any valid claim of the '475 patent with its new version of

3    products: MT1389, MT8105, MT8108, and MT8158.

4    55.    MediaTek is not inducing anyone to infringe the '475 patent.

5    56.    The claims of the '475 patent are invalid for failure to comply with the

6    requirements of the Patent Laws of the United States, including but not limited to the provisions of

7    35 U.S.C. §§ 102, 103, and 112.

8

9                              PRAYER FOR RELIEF

10    57.    WHEREFORE, MediaTek prays for judgment in favor of it and against

11    Matsushita as follows:

12          A.    That the Court adjudicate that Matsushita and Panasonic have

13                infringed, contributed to the infringement of, and/or induced

14                infringement of the '031 patent.

15          B.    For an award to MediaTek of actual damages adequate to

16                compensate MediaTek for Matsushita and Panasonic's acts of direct,

17                contributory, and/or inducement of infringement, together with

18                prejudgment and post-judgment interest.

19          C.    For an award to MediaTek of enhanced damages, up to and

20                including trebling of MediaTek's damages pursuant to 35 U.S.C. §

21                284 for Matsushita's and Panasonic's willful infringement.

22          D.    That the Court declare this case to be an exceptional case under the

23                provisions of 35 U.S.C. § 285, and that MediaTek be awarded the

24                cost of suit and reasonable attorneys' fees.

25          E.    For a grant of permanent injunction pursuant to 28 U.S.C. § 283,

26                enjoining Matsushita, Panasonic, and their agents, servants,

27                employees, principals, officers, attorneys, successors, assignees, and

28                all those in active concert or participation with them, including

08929/2111308 6

10

1           related individuals and entities, customers, representatives, OEMs,

2           dealers, and distributors from further acts of infringement,

3           contributory infringement, and active inducement of infringement of

4           the claims of the '031 patent.

5      F.     That the Court declare MediaTek's new versions of its products have

6           not and do not infringe any valid claims of the '238, '249, and '475

7           patents.

8      G.     That the Court declare the '238, '249, and '475 patents are invalid

9           and void.

10      H.     That the Court grant MediaTek such other and further relief to

11           which it may be entitled.

13 DATED: May 24, 2007          QUINN EMANUEL URQUHART OLIVER &
                           HEDGES, LLP

By _____
        Kevin P.B. Johnson
        Attorneys for Plaintiff MediaTek, Inc.

1

<u>DEMAND FOR JURY TRIAL</u>

2

Defendant MediaTek, Inc. respectfully requests a trial by jury on all issues so

3

triable.

4

5

DATED: May 24, 2007

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

6

7

By

8

Kevin P.B. Johnson
Attorneys for Defendants Mediatek, Inc., OPPO
Digital, Inc., and MSI Computer Corp.
(erroneously sued as Micro-Star International
Computer Corp.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08929/2111308.6

12

1

NOTICE OF RELATED CASE

2          Pursuant to Civil L.R. 3-13, Plaintiff MediaTek, Inc., ("MediaTek")  hereby gives

3  notice that it believes that this action is related to an action currently pending in this District titled

4  Matsushita v. MediaTek, Inc., et al., Case No. 05-CV-3148 (N.D. Cal.), before the Honorable

5  Maxine M. Chesney. The two actions involve substantially the same parties, are based on similar

6  claims, involve the same property, including the same patents, transactions, and events and

7  involve substantially the same facts and similar questions of law.  Thus it appears likely that there

8  will be an unduly burdensome duplication of labor and expense or conflicting results if the cases

9  are conducted before different Judges.

10

11  DATED:  May 24, 2007                          QUINN EMANUEL URQUHART OLIVER &
                                                  HEDGES, LLP
12

13                                                By_____
14                                                  Kevin P.B. Johnson
                                                   Attorneys for Plaintiff MediaTek, Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than

3

the named parties, there is no such interest to report.

4

DATED:  May 24, 2007                          QUINN EMANUEL URQUHART OLIVER &
                                              HEDGES, LLP

5

6

7                                    By_____
                                        Kevin P.B. Johnson
8                                       Attorneys for Plaintiff MediaTek, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14